UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

KEREN SITA,
    Plaintiff,

v.

CHAMPLAIN COLLEGE
and FLAVIO RIZZO,
    Defendants.

Case No. 2:25-cv-00238

**ORDER DISMISSING AMENDED COMPLAINT**
(Doc. 7)

Plaintiff Keren Sita, representing herself, brings this action under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688 ("Title IX"), Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d–2000d-7 ("Title VI"), 42 U.S.C. § 1983 for First Amendment violations, and state tort law. She initially alleged claims against Champlain College, its Board of Trustees, and numerous individual defendants. (Doc. 1-2 at 5–6.) Upon review under 28 U.S.C. § 1915(e)(2)(B), her Complaint was dismissed, and she was granted leave to file an Amended Complaint. Plaintiff timely filed an Amended Complaint naming Champlain College and Professor Flavio Rizzo as Defendants. (Doc. 7.) For the reasons explained below, the proposed Amended Complaint (Doc. 7) is DISMISSED.

**I. Procedural History**

On April 11, 2024, Plaintiff applied for *in forma pauperis* ("IFP") status in Case No. 24-cv-390. Plaintiff sought to bring claims under 42 U.S.C. § 1983, for violations of her First and Fourteenth Amendment rights, under Title VI and Title IX for discrimination, and under state tort law for intentional infliction of emotional distress ("IIED") and negligence against Champlain College, its Board of Trustees, and numerous individual defendants. Plaintiff was granted IFP status. The court ordered Plaintiff, however, to show cause why her case should not be dismissed

as time-barred and for lack of jurisdiction. *See* Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis and Ordering Plaintiff to Show Cause Why Case Should Not Be Dismissed (ECF No. 3) at 10, *Sita v. Champlain College et al.*, No. 24-cv-390 (D. Vt. Nov. 12, 2024).

On February 13, 2025, the court reviewed Plaintiff's timely filed Declaration in response to the court's Order and determined that her federal claims were time-barred. Order (ECF No. 9) at 4, *Sita v. Champlain College et al.*, No. 24-cv-390 (D. Vt. Feb. 13, 2025). In the absence of a viable federal claim, the court declined to exercise supplemental jurisdiction over the remaining state-law causes of action. (*Id.*) The Complaint was dismissed in full and leave to amend was denied "[b]ecause better pleading cannot cure the untimeliness of Ms. Sita's federal claims." (*Id.* at 5.) Judgment was entered the same day. Judgment (ECF No. 10), *Sita v. Champlain College et al.*, No. 24-cv-390 (D. Vt. Feb. 13, 2025).

Eight days later, on February 21, 2025, Plaintiff filed her proposed Complaint in this case and again requested IFP status. (*See* Doc. 1.) Her Complaint asserted ten causes of action: (1) a First Amendment retaliation claim under 42 U.S.C. § 1983; (2) a Fourteenth Amendment equal protection claim under § 1983; (3) a Fourteenth Amendment due process claim under § 1983; (4) race discrimination under Title VI; (5) sex discrimination under Title IX; (6) fraudulent misrepresentation; (7) breach of contract; (8) negligent supervision and retention; (9) intentional infliction of emotional distress; and (10) civil conspiracy. (*Id.* at 10–20.)

On June 13, 2025, the court issued an Order granting her IFP status, dismissing the Complaint upon review under 28 U.S.C. § 1915(e)(2)(B), and granting leave to file a proposed Amended Complaint. (Doc. 5.) The court determined that Plaintiff's federal claims brought under Title VI, Title IX and § 1983 were untimely because they were brought beyond the applicable

2

three-year statutes of limitation. Additionally, Plaintiff's § 1983 claims failed for lack of state action. Because Plaintiff had not stated a federal claim on which relief could be granted, the court declined to exercise supplemental jurisdiction over her state law claims. The court informed Plaintiff that leave to amend was granted "to assert factual allegations to support a claim of equitable tolling." (*Id.* at 11.) Plaintiff timely filed an Amended Complaint.

**II. Allegations of Plaintiff's Proposed Amended Complaint**

In her proposed Amended Complaint, Plaintiff names Champlain College and Professor Flavio Rizzo as defendants. (Doc. 7 at 1.) She contends this "is a case about a college that thought it could silence a Black woman." (*Id.*) In the fall of 2019, Plaintiff was "one of the only Black students" in a course called Global Condition taught by Professor Rizzo. (*Id.* at 1, 3.) Plaintiff "spoke up about the racism in a book assigned in class—a book [Professor Rizzo's] wife helped write" and subsequently suffered retaliation. (*Id.* at 1.) "In the end, they gave every white student an A+" while Plaintiff received a D because she "refused to stay quiet."[1] (*Id.*) Plaintiff's case is "about being pushed out of a classroom for being too smart, too honest, too Black, and too unafraid." (*Id.*) As a result, she brings this civil rights action for unlawful discrimination, targeted retaliation, and deliberate efforts to damage her academic standing and personal reputation.

Plaintiff alleges the court has federal question subject-matter jurisdiction, that venue is proper in this district, and that all Defendants either reside in Vermont or are employed by Champlain College, a private institution located in Burlington, Vermont. (*Id.* at 2–3.) Plaintiff also resides in Vermont. (*Id.* at 3.) She asserts that Champlain College is bound by federal civil rights obligations because it receives federal funding. (*Id.* at 3.)

---

[1] Plaintiff does not include the grade of any other Black students in the course.

3

Plaintiff asserts the following claims: (1) intentional discrimination on the basis of race and national origin under Title VI; (2) retaliation under Title VI and Title IX; (3) viewpoint discrimination and violation of free speech under the First Amendment; (4) IIED; and (5) negligent supervision and institutional failure. (*Id.* at 5–7.) Plaintiff's Amended Complaint contains no allegations regarding equitable tolling.

### III. 28 U.S.C. § 1915(e)(2)(B) Standard of Review

Under the IFP statute, the court must conduct an initial screening of a proposed complaint. *See* 28 U.S.C. § 1915(e)(2). "[T]he court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, a district court must dismiss a case on its own initiative if it determines the court lacks jurisdiction over the matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Self-represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80–81 (2d Cir. 2020). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In this case, the Complaint

4

may be considered by the court only if Plaintiff states a well-pleaded federal claim because the parties are all citizens of Vermont. *See Artis v. Dist. of Columbia*, 583 U.S. 71, 74 (2018) ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims.").

Courts afford pleadings filed by self-represented parties "special solicitude." *See Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citation omitted). Thus, the court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). The court must construe a self-represented plaintiff's complaint to raise the strongest arguments it suggests. *See Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam).

### A. Plaintiff's Federal Claims

As the court explained, claims brought under § 1983, Title VI, and Title IX in a federal court located in Vermont are each subject to a three-year statute of limitations. (*See* Doc. 5 at 6–9.) Plaintiff's allegations pertain to her experience at Champlain College in late 2019. This action was filed in 2025. Thus, it appears from the face of Plaintiff's Amended Complaint that the limitations periods for each of Plaintiff's federal claims has expired. Plaintiff was given the opportunity to provide the court with factual allegations supporting the application of equitable tolling and chose not to do so. Given that equitable tolling is "a drastic remedy applicable only in rare and exceptional circumstances," *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (citation modified), the court declines to find that it applies in this case.

Because Plaintiff's federal claims are barred by the statute of limitations and Plaintiff has not pleaded facts supporting the application of equitable tolling, her Amended Complaint fails to

state a § 1983, Title VI or Title IX claim on which relief can be granted. Accordingly, Plaintiff's federal claims are DISMISSED upon review under 28 U.S.C. § 1915(e)(2)(B). *See Pino v. Ryan*, 49 F.3d 51, 52, 53–54 (2d Cir. 1995) (affirming sua sponte dismissal of pro se plaintiff's action at IFP review on timeliness grounds because basis for dismissal "appear[ed] on the face of the complaint").

### C. Plaintiff's State Law Claims

Plaintiff's remaining claims arise under state law. Because Plaintiff has not stated a federal claim on which relief could be granted, the court declines to exercise supplemental jurisdiction over these claims.[2] *See Artis*, 583 U.S. at 74. Plaintiff's state-law claims are DISMISSED without prejudice. As a result, Plaintiff's Amended Complaint (Doc. 7) is DISMISSED.

### IV. Leave to Amend

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). However, "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted).

Leave to amend would be futile for Plaintiff's § 1983 claims because Champlain College is not a state actor. Better pleading could not convert Champlain College's alleged private action into state action sufficient to bring an action under § 1983. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (explaining a plaintiff must show the State is responsible for the specific conduct of which she complains). Plaintiff was granted leave

---

[2] The court cannot exercise subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are all citizens of Vermont.

to amend to assert a factual basis for equitable tolling for her claims under Title VI and Title IX and chose not to do so. Plaintiff's state-law claims are dismissed without prejudice. Because Plaintiff has already filed an Amended Complaint in this action, and in light of her litigation history which includes a prior case against Champlain College dismissed on timeliness grounds, the court declines to grant leave to amend for a second time.

**V. Conclusion**

For the reasons explained above, Plaintiff's Amended Complaint (Doc. 7) is DISMISSED upon review under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's federal claims are dismissed with prejudice, and the state-law claims are dismissed without prejudice. The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 5th day of December, 2025.

_____
Mary Kay Lanthier
United States District Court Judge